514 A.2d 686

The Woods Schools, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education and Central Dauphin School District, Respondents.

Argued June 13, 1986, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Paul L. Stevens, Curtin and Heefner,* for petitioner.

*Gregory R. Neuhauser,* Senior Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Department of Education.

*Michael I. Levin, Cleckner and Fearen,* for respondent, Central Dauphin School District.

OPINION BY JUDGE MACPHAIL, September 8, 1986:

Before us are the preliminary objections of Respondents Department of Education (Department) and the Central Dauphin School District (Central Dauphin) to a petition for review filed to our original jurisdiction by The Woods Schools (Woods). That petition requested that this Court order the Department and/or Central Dauphin to initiate special education due process proceedings to disenroll student Aron R. or, in the alternative, order Central Dauphin to guarantee full and complete payment for Aron R.'s tuition and maintenance.[1]

---

[1] It is difficult to discern from the allegations in the petition for review what form of action Woods is pursuing. In its brief, it contends that its allegations are sufficient to allow consideration either as an action in *mandamus* or as a request for a declaratory judgment.

Woods, a non-profit corporation which operates a residential treatment facility for youth and adults in Langhorne, Bucks County, Pennsylvania, is an approved private school[2] for purposes of educating "exceptional children". *See* Sections 1371-1382 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§13-1371—13-1382. Aron R., a resident of Central Dauphin, is an exceptional child[3] who has been enrolled at Woods since March, 1985.

The petition filed December 9, 1985, alleges that Woods is not receiving and has not yet received the "full" cost of Aron R.'s program. The petition further alleges that Aron R. was admitted upon the express condition that Central Dauphin and the Dauphin County Mental Health/Mental Retardation Unit (Dauphin County MH/MR), bear the full cost of Aron R.'s program at Woods.[4] In August of 1985, "believing" that it

---

[2] An "approved private school" is defined as

[a] private school licensed by the State Board of Private Academic Schools when the specific special education program for certain exceptional handicapped persons is approved by the Secretary of Education and is thereby eligible to receive payments for tuition, or tuition and maintenance, from funds of the school district or the Commonwealth, or both.

22 Pa. Code §171.11. A similar definition is found at 22 Pa. Code §13.1.

[3] An "exceptional child" is a child "of school age who deviate[s] from the average in physical, mental, emotional or social characteristics to such an extent that . . . [he/she] require[s] special educational facilities or services and shall include all children in detention homes." Section 1371 of the Code, 24 P.S. §13-1371.

[4] Woods avers that on February 22, 1985, the Dauphin County MH/MR agreed in writing to provide full funding for Aron R.'s placement but has failed to provide the funding because Aron R.'s parents allegedly refuse to pay for a portion of the funding. The February 22, 1985 writing was not attached to the petition. Dauphin County MH/MR is not a party in the instant case. Both the Department and Central Dauphin have included in their preliminary objections the defense of non-joinder of necessary parties.

would not be "timely or fully" reimbursed by either the Department, Central Dauphin or the Dauphin County MH/MR, Woods requested that Central Dauphin, the Dauphin County MH/MR and Aron R.'s parents find an alternate placement for Aron R.

It is further averred that no alternate placement was found by October of 1985. Woods then requested that either the Department or Central Dauphin initiate due process proceedings in accord with Section 171.18 of the Standards for Approved Private Schools (Standards), 22 Pa. code §171.18, which provides that "[a]n approved private school may not expel, suspend or disenroll a student assigned to the school by a school district until notice and the opportunity for a hearing have been given in accordance with Chapter 13 (relating to special education)." Alternatively, Woods requested that either Central Dauphin or the Dauphin County MH/MR or both guarantee full funding for the cost of Aron R.'s placement.

Woods alleges that Central Dauphin and the Department refused to initiate due process procedures because they were of the opinion that Woods could not seek to disenroll an exceptional child for financial or any other reason that Woods may consider important or compelling unless it has been determined that Woods can no longer provide an appropriate program for the student. Woods avers that the Department and Central Dauphin "have a duty under law" to initiate special education due process proceedings when an approved private school wants to disenroll an exceptional child.

In their preliminary objections to the petition for review, the Department and Central Dauphin allege, *inter alia,* that Woods failed to exhaust its administrative remedies and has failed to set forth a justiciable controversy. We agree.

Section 1376(a) of the Code, 24 P.S. §13-1376(a) provides in pertinent part as follows:

> (a) When any child between the ages of six (6) and twenty-one (21) years of age and resident in this Commonwealth, who is . . . [an exceptional child], is enrolled, with the approval of the Department of Education, as a pupil in an approved school . . . , approved by the Department of Education, in accordance with standards and regulations promulgated by the Council of Basic Education, the school district in which such child is resident shall pay twenty per centum (20%) of the actual audited cost of tuition and maintenance of such child in such school, as determined by the Department of Education; and the Commonwealth shall pay, out of funds appropriated to the department for special education, eighty per centum (80%) of the cost of their tuition and maintenance, as determined by the Department. . . . The Department of Education shall be provided with such financial data from approved schools as may be necessary to determine the reasonableness of costs for tuition and room and board concerning Pennsylvania resident approved reimbursed students. The Department of Education shall evaluate such data and shall disallow any cost deemed unreasonable. Any costs deemed unreasonable by the Department of Education for disallowance shall be considered an adjudication within the meaning of Title 2 of the Pa. C. S. (relating to administrative law and procedure) and regulations promulgated thereunder.

Nowhere in Woods' petition for review does Woods allege that the Departmental annual audit had not begun, or that the audit amount for Aron R.'s tuition and main-

tenance was less than that claimed by Woods. It is also apparent that if the departmental audit disallows expense claims for reimbursement, Woods will then be able to appeal the disallowance pursuant to the administrative agency law and is limited to that remedy. Although Woods makes much of the fact that it is insisting not only on full payment but a timely payment, there is nothing in the petition from which we may infer that Woods will not be timely reimbursed. It is evident from the allegations in the petition that no justiciable controversy exists because it cannot yet be determined whether Woods will be fully reimbursed.

Woods, however, emphasizes that its "real" challenge is not to the reimbursement issue but rather is to its inability to initiate due process procedures and disenroll Aron R. under Section 171.18 of the Standards, 22 Pa. Code §171.18. Woods no longer wants to serve Aron R., and argues that neither the Department nor Central Dauphin may legally require a private entity to specifically perform without its consent. Woods submits that when an approved private school, for whatever reason or no reason at all, proposes to no longer serve a student, the Department and the local school district have a duty to initiate due process procedures for the purpose of identifying an alternate placement for the child.

On this point, the Department raises the question of our jurisdiction pointing out that in *O'Brien v. State Employes' Retirement System,* 503 Pa. 414, 469 A.2d 1008 (1983), *cert. denied,* 469 U.S. 816, 105 S.Ct. 83 (1984), our Supreme Court held that efforts to compel agencies to hold hearings they have refused are properly addressed to this Court's appellate jurisdiction, not its original jurisdiction. The attack upon our jurisdiction on this point is well taken. It is provided, however, in 42 Pa. C. S. §708(c) that we may not dismiss the petition

for that reason but rather that we must regard it as if filed as an appeal. We, accordingly, will treat the demurrers as being in the nature of a motion to dismiss.

Section 171.20(a) of the Standards pertinently states that "[a]pproved private schools shall operate in accordance with this chapter." When Woods agreed to accept Aron R., it did so knowing the statutory and regulatory restrictions. *See Ashbourne School v. Department of Education,* 43 Pa. Commonwealth Ct. 593, 599, 403 A.2d 161, 164 (1979) (approved private school accepted Pennsylvania resident approved reimbursed students knowing the statutory and constitutional restrictions on the Department's ability to pay for those services).

The exceptional child in Pennsylvania has a statutory right to an education in an approved private school at public expense. *See* Sections 1372 and 1376 of the code, 24 P.S. §§13-1372, 13-1376; *see also* Section 171.19 of the Standards, 22 Pa. Code §171.19. Before an individual is assigned to an approved private school, a complete educational evaluation of that individual is undertaken. 22 Pa. code §171.15(a). The school district recommends an assignment to a certain approved private school based on its review of all data, evaluations, and program possibilities. 22 Pa. Code §171.16(b). The Standards provide further that:

> (d) *Notice.* When a handicapped person of school age is recommended for assignment to an approved private school by a school district, the superintendent of schools of the school district of residence shall give the person and parents written notice as specified in Chapter 13 of this title (relating to special education). With the permission of the parents, a copy of the notice and evaluations shall be given to the approved private school to which assignment is being recommended.

(e) *Notice of charges.* The notice shall inform the parents that there shall be no charge to the parents or person for a program of instruction and maintenance appropriate to the needs of the person provided during the normal school year if they are residents of this Commonwealth and if the assignment is approved by the Department. The notice shall also give the name, telephone number, and address of the intermediate unit information manager to whom the parent may address questions.

(f) *Notice of charges for optional services.* The approved private school to which assignment is recommended shall send notice to the parents in writing. The notice shall include:

(1) the programs or services offered which are not part of the instruction and maintenance program or not part of the normal school year;

(2) the statement that these services are optional and that enrollment in the approved private school is not contingent on the acceptance by the parents of the optional programs or services;

(3) the cost of each and every optional service; and

(4) the statement that these services may be available elsewhere, including at the MH/MR center, on a sliding charge basis and that the private schools will cooperate with any outside agency providing such services.

22 Pa. Code §171.16. After placement in an approved private school, the individual is reevaluated every two years or annually at the request of the parents. 22 Pa. Code §171.17(a). The reevaluation could result in a recommendation that the student continue in the same program; notice of the recommendation and the right to request a hearing on the continuance is given to the

student, the parents, and the Department. 22 Pa. code §171.17(b).

The Standards delineate procedural safeguards balancing the interests of the child, the parents, and the school district. Of foremost concern, of course, is the education of the exceptional child. We are of the opinion that once a school gains the status of an approved private school and accepts an exceptional child to a program of instruction and maintenance appropriate to that child's needs, the approved private school must continue to serve the child unless and until either the parent or the school district determines that that particular program is less than appropriate. *See* 22 Pa. code §§13.31, 13.32. Obviously, any suggested change in the program must be in accord with the best interests of the child. As long as the approved private school's program is appropriate for the child, it is in the best interest of the child to remain in the program. Whether or not it is in the best interest of the school is therefore irrelevant.

Having concluded that Woods has an adequate administrative remedy available on the issue of reimbursement and has failed to set forth a justiciable controversy with respect to the obligation of the Department and Central Dauphin to hold a hearing, and having held that we must treat the Department's and Central Dauphin's preliminary objections in the nature of a demurrer as a motion to dismiss, we will grant the motion.

## ORDER

Having treated the preliminary objections of the Department of Education and the Central Dauphin School District as being in the nature of a motion to dismiss, the motion is granted and the petition for review is dismissed.